IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION


MICHAEL HARRISON,                    :

       Plaintiff,

     v.                                  :       Case No. 3:12-cv-14

THE PNC FINANCIAL SERVICES                  JUDGE WALTER H. RICE
GROUP, et al.,

       Defendants.                      :

---

DECISION AND ENTRY SUSTAINING IN PART AND OVERRULING IN
PART DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED
COMPLAINT (DOC. #8); PLAINTIFF GRANTED LEAVE TO FILE
SECOND AMENDED COMPLAINT, NAMING THE COMMITTEE
ADMINISTERING THE NATIONAL CITY CORPORATION AMENDED
AND RESTATED MANAGEMENT SEVERANCE PLAN AS A PARTY
DEFENDANT, WITHIN TEN (10) DAYS OF THE DATE OF THIS
DECISION AND ENTRY; THE PARTIES ARE ORDERED TO FILE A
COMPLETE ADMINISTRATIVE RECORD, JOINTLY AGREED UPON BY
THE PARTIES, WITHIN THIRTY (30) DAYS; SIMULTANEOUS CROSS-
MOTIONS FOR JUDGMENT ON THE ADMINISTRATIVE RECORD
WITH SUPPORTING MEMORANDA ARE DUE SIXTY (60) DAYS
FOLLOWING THE FILING OF THE ADMINISTRATIVE RECORD, WITH
SIMULTANEOUS REPLY MEMORANDA DUE ON THE 21ST DAY
THEREAFTER

---

     Plaintiff Michael Harrison ("Harrison") filed suit against Defendants, The PNC

Financial Services Group ("PNC Group"), The PNC Financial Services Group, Inc.,

("PNC Financial Services"), and the National City Corporation Amended and

Restated Management Severance Plan (the "Plan") (collectively, "Defendants"),[1] alleging that PNC denied him benefits that he was owed under the Plan. Harrison seeks declaratory relief, an award of benefits, attorneys' fees and costs, civil penalties, and punitive damages based on his claims, all of which arise under the Employee Retirement Income Security Act ("ERISA"). Pursuant to 29 U.S.C. § 1132(e), the Court has subject matter jurisdiction over claims arising under ERISA.

Pending before the Court is Defendants' Motion to Dismiss Plaintiff's Amended Complaint, filed on July 10, 2012. Doc. #8. For the reasons set forth below, the Court will SUSTAIN in part and OVERRULE in part the Defendants' Motion to Dismiss. The Court will dismiss Count Two of Harrison's Amended Complaint, the claim for breach of fiduciary duty, but Defendants' Motion to Dismiss is overruled with respect to all other claims.

In addition, the Court grants Harrison leave to file a Seconded Amended Complaint, naming the Committee administering the Plan as a party defendant, within ten (10) days of the date of this Decision and Entry.

Furthermore, the Court ORDERS the parties to file a complete administrative record, jointly agreed upon by the parties, within thirty (30) days of the date of this Decision and Entry. The parties have sixty (60) days thereafter to file simultaneous cross-motions for judgment on the administrative record, with

_____

[1] Harrison originally filed suit only against the PNC entities. Doc. #1. On May 11, 2012, he filed an Amended Complaint, naming the Plan as an additional defendant. Doc. #4.

2

accompanying memoranda in support.  Simultaneous reply memoranda must be filed on the twenty-first (21st) day thereafter.

I.    **BACKGROUND AND PROCEDURAL HISTORY**

Harrison began working for National City Corporation ("National City") in June of 2005.  Am. Compl. ¶ 11 (Doc. #4 at 3).  National City offered a severance plan, originally drafted in 2005, to certain of its senior employees.  Am. Compl. Ex. 1 ¶ 1.1 (Doc. #4-1 at 1).  On September 30, 2008, National City implemented an updated version of the severance plan, the National City Corporation Amended and Restated Management Severance Plan (the "Plan").  *Id.*  The Plan's stated purpose was "to maximize the Corporation's profitability and operating success by attracting and retaining key managerial, operational and executive employees and allowing them to focus on their responsibilities in the event of, and following, a Change in Control."  *Id*. ¶ 1.2.  A "Change in Control" included a merger or other corporate reorganization.  *Id.* ¶ 2.1(d).  In October 2008, it was announced that PNC Group would acquire National City.  Doc. #4 at 3.

Only National City employees who met the definition of a Plan "Participant" were eligible for the severance benefits.  Doc. #4-1 ¶ 3.  The Plan defined a "Participant" as an employee "within the range of grade level 1 through grade level 7" at National City, excepting employees covered by another severance plan or employment agreement on certain dates.  *Id*. ¶ 2.1(r).  Harrison alleges that his employment with National City entitled him to participate in the Plan.  Doc. #4 at

3

3. In addition, Harrison alleges that PNC Group advised him in writing that he was eligible for benefits under the Plan in June of 2009, well after its acquisition of National City. *Id.*

The Plan provided an eligible Participant with a year of severance pay. Doc. #4-1 ¶ 4.1. The amount of severance pay included the Participant's "base salary," bonuses and incentive pay, and, in lieu of employee benefits, an additional one quarter percentage of the participant's base salary. *Id.* The Plan set a fifteen month period as the "Protection Period," during which time a Participant would be eligible for severance benefits if he or she faced involuntarily termination. *Id.* ¶¶ 2.1(u), 3.1 In addition, the Plan allowed a Participant to voluntarily terminate his or her employment and claim the severance benefits, if the Participant's salary were reduced, or if the Participant were required to relocate to a new principal place of work more than 50 miles away. *Id.* ¶ 3.2.

On March 15, 2010, Harrison wrote PNC Group to provide two weeks' notice of his intent to voluntarily terminate his employment. Am. Compl. Ex. 2 (Doc. #4-2 at 1). PNC Group had enlarged his "assigned geographic region" to nine states in addition to Ohio. *Id.* Harrison alleges that this changed his principal work location by a distance of more than 50 miles, thereby entitling him to "full severance benefits" under the Plan. *Id.*

4

On April 28, 2010, PNC Group[2] acknowledged receiving Harrison's claim, informed him of its initial denial, and "advised him of his opportunity to file a claim with PNC Group's Plan Administrator."  Doc. #4 at 3.  Thereafter, on May 25, 2010, Harrison submitted a claim for benefits under the Plan to PNC Financial Services. *Id*. at 4.  His claim was denied on July 27, 2010.  *Id.*

Harrison's attorney sent a demand letter to PNC Financial Services on August 31, 2010.  Am. Compl. Ex. 4 (Doc. #4-4 at 1).  The letter requested "copies of all documents, files, records, and information, which directly or indirectly relate to or concern Mr. Harrison's demand for severance benefits," including his personnel file and a copy of the Plan.  *Id.*  After PNC Financial Services failed to produce the documents requested, a follow up letter was sent on September 23, 2010.  Am. Compl. Ex. 5 (Doc. #4-5).  PNC Financial Services responded on October 7, 2010, but refused to provide all the documents that Harrison requested.  Doc. #4 at 4.  Harrison made a "second level appeal" on December 3, 2010, but it was denied on December 17.  *Id*.

On January 26, 2012, Harrison filed suit against PNC Group and PNC Financial Services, alleging the following five claims, all arising under ERISA: 1) a claim for recovery of benefits under 29 U.S.C. § 1132(a)(1)(B); 2) a claim for

---

[2] Harrison refers only to "Defendant" in Paragraph 15 of the Amended Complaint. Doc. #4 at 3.  Because Harrison had not yet submitted his claim to the Plan's administrator, "Defendant" is assumed, in context, to be PNC Group.  All other factual allegations in Harrison's Amended Complaint reference either "Defendants" or "PNC Financial Services" specifically.

breach of fiduciary duty under 29 U.S.C. § 1132(a), arising from liability under 29 U.S.C. §§ 1104, 1105 & 1109; 3) a claim for attorney's fees under 29 U.S.C. § 1132(g);  4) a claim for failure to produce documents under 29 U.S.C. § 1132(c); and 5) a claim for liability under 29 U.S.C. 1132(c) for failing to consider all information relevant to Harrison's claim, as required by 29 C.F.R. § 2560.503-1(h)(2).  Doc. #1.  Harrison seeks declaratory relief, recovery of his benefits with interest, attorneys' fees and costs, all applicable ERISA civil penalties, and punitive damages.  On May 5, 2012, Harrison filed an Amended Complaint, adding the Plan as a named defendant.  Doc. #4.

Defendants filed a Motion to Dismiss for Failure to State a Claim on July 10, 2012.  Doc. #8.  Plaintiff filed a Response to Defendants' Motion to Dismiss on August 17, 2012 (Doc. #13), and Defendants filed their Reply Memorandum in Support of their Motion to Dismiss on August 31, 2012 (Doc. #15).

## II.  **STANDARD OF REVIEW**

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief" to be considered sufficient.  Federal Rule 12(b)(6) allows a party to move for dismissal of an adversary's claim on the basis that it "fail[s] to state a claim upon which relief can be granted" by the Court.  The moving party bears the burden of showing that the non-moving party's pleading has failed to adequately state a claim for relief.  *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)

(citing *Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991)). The Rule 12(b)(6) analysis requires a court to "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 538 (6th Cir. 2012) (quoting *Treesh*, 487 F. 3d at 476); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, "[t]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The plaintiff's complaint must contain "enough facts to state a claim to relief that is plausible on its face" to survive a motion to dismiss under Rule 12(b)(6). *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Unless the facts as alleged show that the plaintiff's claim crosses "the line from conceivable to plausible, [the] complaint must be dismissed." *Id.* "Although this standard does not require 'detailed factual allegations,' it does require more than 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555).

"A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes," and may therefore be examined by the Court for the purpose of analyzing a plaintiff's claims under Rule 12(b)(6). Fed. R. Civ. P. 10(c). In addition, the Court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits

7

attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat. Coll. Ath. Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008); *see also Weiner v. Klais & Co., Inc.*, 108 F.3d 86 (6th Cir. 1997) (upholding district court's examination of health plans central to plaintiff's ERISA claim that were attached to defendant's motion to dismiss).

## III.   ANALYSIS

Defendants, in their Memorandum of Law in Support of Their Motion to Dismiss, argue that all five of the claims brought by Plaintiff in his Amended Complaint fail as a matter of law under Rule 12(b)(6).  Doc. #8-1.  The Court will address the Defendants' challenge to each of Harrison's claims in in the order presented in Defendants' memorandum.

### A.    Count One – Recovery of Plan Benefits

Harrison asserts a claim under 29 U.S.C. § 1132(a)(1)(B) for the recovery of severance benefits he alleges are owed to him under the Plan.  Defendants present two arguments challenging the claim.  They first argue that a Section 1132(a)(1)(B) claim is only properly brought against the Plan, and that the Court should therefore dismiss the claim against all non-Plan Defendants.  Doc. #8-1 at 18.  Second, Defendants argue that Harrison has failed to state a claim because, although he was an employee, he did not meet the eligibility criteria of a

Participant under the terms of the Plan. *Id.* at 19-21. For the reasons set forth

below, the Court will overrule Defendants' motion with respect to Harrison's Count

One.

### 1.    *Proper Parties*

Under ERISA, "[a]n employee benefit plan may sue or be sued  . . . as an

entity." 29 U.S.C. § 1132(d)(1). The Sixth Circuit has stated that "[u]nless an

employer is shown to control administration of a plan, it is not a proper party

defendant in an action concerning benefits." *Daniel v. Eaton Corp.*, 839 F.2d 263,

266 (6th Cir. 1988). The *Daniel* plaintiff named his former employer as a

defendant, and, before the district court, the employer conceded that it was the

proper defendant to the plaintiff's Section 1132(a)(1)(B) claim. *Id.* Although the

court appeared slightly perplexed by the employer's administrative role, noting that

the "record contain[ed] no inkling of how administration of the Plan was taken over

by" the employer, the court did not disturb the employer's status as a defendant.

*Id.* The reason was clear: the employer made the decision to deny the plaintiff's

retirement benefits, and was also, therefore, the entity that controlled the

administration of the plan. *Id.* Other Circuit Courts of Appeal have also recognized

that the employer controlling or administering the plan may properly be named as a

defendant to an ERISA claim. *E.g.*, *Mein v. Carus Corp.*, 241 F.3d 581, 584-85

(7th Cir. 2001) (holding that employer was properly named as a defendant where

the employer and plan were "closely intertwined" and the plan language

9

demonstrated their "close relationship'); *Hamilton v. Allen-Bradley Co., Inc.*, 244 F.3d 819, 824 (11th Cir. 2001) (stating the issue as whether the employer "had sufficient decisional control over the claim process" and reasoning that "if the employer is administering the plan, then it can be held liable for ERISA violations").

The rule of *Daniel* may have been best expressed as "the proper party defendant in an ERISA action concerning benefits is the party that is shown to control administration of the plan." *Little v. UNUMProvident Corp.*, 196 F.Supp. 2d 659, 672 (S.D. Ohio 2002) (citing *Daniel*, 839 F.2d at 266). In *Little*, by stating "that the defendants made the decision to terminate her benefits," the plaintiff alleged sufficient control to defeat a motion to dismiss brought by the disability and life insurer defendants who had argued that only the plan was the proper defendant. *Little*, 196 F.Supp. 2d at 672. In another application of *Daniel*, the Sixth Circuit reached a result opposite to that of the *Little* court, because the plaintiff had failed to offer any evidence to support the allegation that the employer controlled the administration of the plan. *Laird v. Norton Healthcare, Inc.*, 442 Fed. App'x 194, 202 (6th Cir. 2011). The employer was therefore not a proper party to the employee's claim. *Id.*

To apply the rule of *Daniel* to Harrison's complaint, the Court must distinguish between the two defendant entities, PNC Group, Harrison's employer, and PNC Financial Services, the Plan Administrator, and separately analyze each entity's acts of administrative control in order to determine whether to dismiss either party as a defendant. First, PNC Group, Harrison's employer, made the

10

initial determination that Harrison was not eligible for severance benefits under the Plan, and then referred him to the Plan's administrator. Am. Compl. ¶ 15 (Doc. #4 at 3). After Harrison's initial application for severance benefits, he was advised in writing of his employer's receipt and denial of his claim on April 28, 2010. *Id*. John R. Johnson, PNC Group's Chief Counsel, Employment, provided Harrison with its reasons for the denial, specifically referring to "PNC's position in this regard" as follows:

> In order to be a participant under the [Plan], you must have been "an Employee whose job was assigned to a grade level within the range of grade level 1 through grade level 7 … at the earlier of the time of termination or the Implementation Date … ." The Implementation Date was December 31, 2008. You were not promoted to a grade E07 until after December 31, 2008, and therefore you were never a participant in the MSP and are not entitled to benefits thereunder.

Doc. #8-3 at 2.[3] Harrison's allegations and Johnson's letter provide sufficient indication that Harrison's employer made an initial, discretionary determination to deny Harrison's benefit claim. As in *Little*, the allegation that the employer acted to deny the plaintiff's claim for benefits describes sufficient administrative control of the Plan to warrant PNC Group's continued status as a defendant to Harrison's claim.

_____

[3] Johnson's letter was not attached to Harrison's Amended Complaint, but was attached as an exhibit to Defendants' Motion to Dismiss. Doc. #8-3. However, because Paragraph 15 of the Amended Complaint refers to the April 28, 2010, written denial of Harrison's claim, and that denial is central to his claim, the Court may examine the letter. *Bassett v. Nat. Coll. Ath. Ass'n*, 528 F.3d 426 (6th Cir. 2008).

11

A previous holding of this Court provides an independent reason for not dismissing PNC Group as a defendant. In *Caldwell v. PNC Financial Services Group, Inc.*, 835 F.Supp. 2d 510 (S.D. Ohio 2011), a former PNC loan officer claimed, based on a theory of constructive discharge, that he was denied severance benefits under the same Plan. *Id.* at 514. The employer moved to dismiss, asserting that the Plan was the only proper defendant. *Id.* at 520. Judge Graham overruled the motion, reasoning as follows:

> Article 14 of the Plan states that "this Plan shall be administered by the Committee." PNC is not a Plan administrator, and would ordinarily not be a proper party to plaintiff's claim for benefits. However, PNC would arguably be liable under § 5.6 of the Plan to pay plaintiff's reasonable attorneys' fees and costs in the event that plaintiff would prevail on his claim for benefits. In the absence of additional information and argument, dismissal of PNC on this ground would be premature, and PNC's motion to dismiss Count 3 against the PNC entities on this ground is denied.

*Id.* There, as here, Plaintiff's employer could be liable under Section 5.6 of the Plan for attorneys' fees and costs. Doc. #4-1 at 10. Because of that potential liability, coupled with the administrative control of the Plan alleged by Harrison, the Court concludes that it would be improper to dismiss PNC Group as a defendant to Harrison's claim under 29 U.S.C. § 1132(a)(1)(B).

Second, the Court turns to PNC Financial Services, as the Plan Administrator, to determine if Harrison alleges sufficient acts of administrative control for it to continue as a defendant to Harrison's claim for recovery of benefits. Harrison alleges that PNC Financial Services denied his claim for benefits on July 27, 2010, and the "second level appeal" on December 17, 2010. Am.

12

Compl. ¶¶ 18, 24 (Doc. #4 at 4). In addition, Harrison alleges that PNC Financial Services failed to produce documents that he was entitled to, an action that also describes administrative control over the Plan. *Id*. ¶¶ 19-21. In light of the proposition that "the proper defendant in an ERISA action concerning benefits is the plan administrator," dismissal of PNC Financial Services as a defendant would only be warranted if Harrison's complaint alleged that some other entity, in fact, controlled the Plan's administration. *Riverview Health Institute LLC v. Medical Mutual of Ohio*, 601 F.3d 505, 522-23 (6th Cir. 2010). Instead, Harrison alleges that PNC Financial Services denied the claims and refused to provide documents. These allegations describe sufficient administrative control of the Plan to support PNC Financial Services remaining as a defendant to Harrison's claim for denial of benefits under 29 U.S.C. § 1132(a)(1)(B).

Defendants argue that the law is "well-settled" that a claim may only be asserted "against the plan at issue," and cite *Toohig v. PNC Financial Services Group., Inc.*, No. 1:10-cv-657, 2010 WL 4824530 (N.D. Ohio Nov. 19, 2010). Doc. #8-1 at 18. Although *Toohig* also dealt with an ERISA claim brought against the Plan, the decision is unpersuasive because the court perfunctorily dismissed the defendants on the basis that the plaintiff did not oppose the motion, with no

13

analysis or discussion of the PNC entities' administrative control of the Plan.

*Toohig*, 2010 WL 4824530 at *4.[4]

Based on the foregoing, the Court finds that PNC Group and PNC Financial Services are both proper parties to Harrison's claim for recovery of benefits under 29 U.S.C. § 1132(a)(1)(B), and therefore overrules Defendants' Motion to Dismiss them as defendants to that claim.

### 2.    *Failure to State a Claim*

A claim for recovery of benefits under 29 U.S.C. § 1132(a)(1)(B) may be brought only by a "participant or beneficiary" of an ERISA-covered plan. Defendants argue that Harrison was not a participant in the Plan, and has therefore failed to state a claim, because his position did not have the required "grade level" on December 31, 2008, that would have made him eligible for severance benefits. Doc. #8-1 at 19. Harrison alleges that he was in fact eligible, because Defendants advised him, "in writing, that his position was eligible for Plan benefits" based on

---

[4] Defendants also cite *Harris Trust & Savings Bank v. Salomon Smith Barney, Inc.*, 530 U.S. 238 (2000). The Court finds no support in *Harris Trust* for Defendants' assertion that the opinion "confirm[s] that extension of liability to Defendants is not proper under" 29 U.S.C. § 1132(a)(1)(B). Doc. #8-1 at 18. In *Harris Trust*, the Supreme Court reviewed sections of ERISA that "expressly address who may be a defendant" before holding that 29 U.S.C. § 1132(a)(3) authorizes suit for equitable relief against a non-fiduciary that engages in a transaction prohibited by 29 U.S.C. § 1106(a)(1). *Harris Trust*, 530 U.S. at 246-49. At issue here is 29 U.S.C. § 1132(a)(1)(B), which was not one of the provisions the Supreme Court examined in its analysis. *Id*. at 246-47.

the June 26, 2009, memorandum issued by his employer's human resources department.  Am. Compl. ¶ 13 (Doc. # 4 at 3); *see also* Doc. #13 at 3.

Thus, it is Defendants' interpretation of the Plan that will eventually determine the outcome of Harrison's claim.  A *de novo* standard applies to judicial review of a determination to deny benefits brought under Section 1132 (a)(1)(B) "unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989).  If a plan "expressly affords discretion" to the plan administrator, a court must apply an arbitrary and capricious standard of review to the administrator's determinations. *Williams v. Int'l Paper Co.*, 227 F.3d 706, 711 (6th Cir. 2000).  Here, Article 14 of the Plan clearly grants its administrator, the "Committee," such discretionary authority, stating that it "shall have full power and authority to interpret, construe, and administer this Plan and its interpretations and construction hereof, and actions hereunder . . . shall be binding and conclusive on all persons for all purposes." Doc. #4-1 at 12.  Article 14 also authorizes the appointment of "assistants" to which the Committee may assign duties and delegate responsibilities. *Id.*  Kerry Allen acted on behalf of the Plan by communicating claim denials, and was named along with PNC Financial Services as a Plan Administrator and Defendant by Harrison.  Doc. #8-1 at 5; Doc. #4 at 1.

The Court must, therefore, apply the deference required by *Firestone*, and review the Plan Administrator's interpretation under the "least demanding form of

15

judicial review," the arbitrary and capricious standard. *Williams*, 227 F.3d at 712. However, the court does not believe that *Firestone* requires the Court to import such deference into the standard of review applicable to a motion to dismiss under Rule 12(b)(6). There is a degree of analytical tension between the deference to plan interpretation required by *Firestone* and the mandate that all facts as pled by Harrison are to be taken as true for purposes of the motion. This tension is exacerbated by the incomplete administrative record before the Court. For example, Defendants almost exclusively reference the seven exhibits they have attached to the Motion to Dismiss to present the "facts" of the case with little reference to what Harrison has stated in his Amended Complaint. Defendants' presentation effectively overrides the facts as Harrison has pled them, seeking a decision on the merits in a manner that would be premature when resolving a motion under Rule 12(b)(6). While it is true that the Court may examine "exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein," the Court believes that, in this instance, judicial efficiency would not be served by engaging in extensive cross-referencing in order to test the legal sufficiency of Harrison's claims. *Bassett v. Nat. Coll. Ath. Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

Taking as true Harrison's allegations that he met the eligibility requirements and that PNC Group advised him of his eligibility in writing before he voluntarily terminated his employment, the Court cannot conclude that Harrison has stated a legally insufficient claim for recovery of benefits. Defendants may renew their

16

challenge to Harrison's claim after a complete administrative record has been filed with the Court, at which time cross motions for judgment on the administrative record may be filed by both parties.

Accordingly, the Court overrules Defendants' motion to dismiss Harrison's claim for recovery of benefits under 29 U.S.C. § 1132(a)(1)(B).

**B.    Count Two - Breach of Fiduciary Duty**

Plaintiff has alleged a claim against Defendants for breach of fiduciary duty under 29 U.S.C. § 1132(a). Doc. #4 at 5-6. His claim invokes the fiduciary duties and liability that ERISA imposes on both fiduciaries and co-fiduciaries under 29 U.S.C. §§ 1104, 1105, & 1109. *Id*. Specifically, Harrison alleges that Defendants have breached their fiduciary duty by denying his claim and refusing to provide him with severance benefits, in bad faith and in unreasonable manner; by "rel[ying] upon inappropriate and incomplete documentation" and refusing to consider relevant information and provide requested documents; by interfering with Plaintiff's right to receive benefits under the Plan; and by "failing to consistently and equitably apply company rules and regulations" that pertain to benefit payments. *Id.* at 6.

Defendants move to dismiss Harrison's claim for breach of fiduciary duty on several grounds, beginning with two preliminary arguments. First, they argue that Harrison was not a Participant in the Plan, and because fiduciary duties are only owed to participants and beneficiaries, he lacks standing to sue Defendants.

17

However, for purposes of the Defendants' Motion to Dismiss, the Court accepts as true Harrison's allegation that he met the eligibility requirements for participation in the Plan. *See supra* Part III.A.2. Defendants also argue that Harrison has "brought suit under the wrong section of ERISA," because 29 U.S.C. §1104 is not the proper section for a claim for breach of fiduciary duty. Although Harrison's claim for breach of fiduciary duty mentions 29 U.S.C. § 1104, it also invokes 29 U.S.C. §1132(a). *See* Doc. #4 at 5. Therefore, contrary to Defendants' assertion, Harrison does cite the proper ERISA provision for a claim for breach of fiduciary duty, although he does not specify the subsection under which his claim arises.

Defendants' more substantive arguments concern the subsections of ERISA that allow a claim for breach of fiduciary duty, 29 U.S.C. § 1132(a)(2) and 1132(a)(3). Defendants present three reasons why Harrison's claim fails as a matter of law under either provision.

First, Defendants argue that the Plan is a top-hat plan, and is therefore not subject to a claim for breach of fiduciary duty under ERISA. A top-hat plan, being "unfunded and [] maintained by an employer primarily for the purpose of providing deferred compensation for a select group of management or highly compensated employees," is exempt from the fiduciary responsibilities imposed by ERISA. 29 U.S.C. §1101(a)(1). Thus, a claim for breach of fiduciary responsibility is "not cognizable under ERISA" when stated against a top-hat plan. *Foley v. Amer. Elec. Power*, 425 F.Supp. 2d 863, 868 (S.D.Ohio 2006). Defendants contend that the Plan is a top-hat plan, but point to nothing other than the Plan itself and Harrison's

18

complaint in support. However, Harrison's complaint does not allege that Plan is a top-hat plan, nor does Harrison concede that the plan is such.

Furthermore, the language of the plan, alone, is insufficient to support Defendants' contention. There is a list of "both qualitative and quantitative factors" used to determine whether a plan is an ERISA top-hat plan. *Bakri v. Venture Mfg. Co.*, 473 F.3d 677, 678 (6th Cr. 2007). At the motion to dismiss stage, without a complete administrative record before the Court, it is impossible to tell if the Committee made a determination regarding the top-hat status of the Plan, if such determination played any part in its analysis of Harrison's claim, or if, in making such a determination, the Committee employed the *Bakri* factors. *See Daft v. Advest*, 658 F.3d 583, 595-97 (6th Cir. 2011) (upholding district court's determination that benefits committee employed wrong legal standard when deciding plan at issue was not a top-hat plan, but holding that it was error not to remand the claim to the committee to apply the *Bakri* factors and fill in the "many factual gaps in the administrative record that need filling in order to allow a reasoned determination of the top-hat issue"). Defendants' mere assertion, in a legal memorandum, is an insufficient substitute for a reviewable Committee determination. The assertion is also, therefore, an insufficient basis for dismissal of Harrison's claim for breach of fiduciary duty.

Second, Defendants argue that Harrison may not bring a claim under 29 U.S.C. § 1132(a)(2), because such a claim may only be brought on behalf of the Plan, not for the individual relief that Harrison seeks. Section 1132(a)(2)

19

authorizes a plan participant or beneficiary to bring an action against a fiduciary who is liable for a breach of fiduciary duty under Section 1109 in order to restore profits to the plan, or to "make good" any losses suffered by the plan. 29 U.S.C. § 1109. Such recovery "inures to the benefit of the plan as a whole," not to any individual participant. *Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 140 (1985). Thus, a claim arising under Sections 1132(a)(2) and 1109 cannot seek a remedy for an individual's denial of plan benefits, but only for injury to the plan itself. *Bryant v. Int'l Fruit Prod. Co.*, 886 F.2d 132, 135 (6th Cir. 1989). Because Harrison only alleges injury to himself, Defendant's argument that he cannot assert a claim for breach of fiduciary duty on behalf of the Plan under 29 U.S.C. § 1132(a)(2) is well taken.

This leaves 29 U.S.C. §1132(a)(3) as the remaining provision under which Harrison's claim for breach of fiduciary duty might arise. However, Defendants argue that a claim under Section §1132(a)(3) must fail because it would be duplicative of the relief Harrison seeks in his denial of benefits claim, and that such a claim cannot be maintained where the plaintiff's denial of benefits claim already "provides an adequate remedy." Doc. #8-1 at 23.

29 U.S.C. §1132(a)(3) allows a participant to bring a civil action "to enjoin any act or practice which violates" ERISA or a plan it covers, or "to obtain other appropriate equitable relief" necessary for remedy or enforcement of ERISA or a plan. Section 1132(a)(3) exists to provide a remedy to a plaintiff who must "rely" on it or, otherwise, "have no remedy at all." *Varity v. Howe*, 516 U.S. 489, 515

20

(1996). In *Varity*, the defendant employer, an ERISA plan administrator, deliberately mislead its employees when it convinced them to transfer their benefits to a subsidiary in order to save itself money. *Id.* at 492. The employer's "trickery" led them to forfeit their benefits. *Id.* Because they were no longer members of the Plan with "benefits due," the employees could not bring a claim under Section 1132(a)(1)(B) for recovery of benefits. *Id.* at 515. Furthermore, as individual beneficiaries, Section 1132(a)(2) could not provide them a remedy. *Id.* Their only recourse, therefore, was the equitable relief provided by Section 1132(a)(3). *Id.*

If Section 1132(a)(1)(B) provides relief for a plaintiff's alleged injury, he does not have the right to a cause of action for breach of fiduciary duty under Section 1132(a)(3). *Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609, 615-616 (6th Cir. 1998). The exception is when recovery of benefits under Section 1132(a)(1)(B) does not completely remedy the plaintiff's injury. *See Hill v. Blue Cross & Blue Shield of Mich.*, 409 F.3d 710, 717-19. (6th Cir. 2005). In *Hill*, the plaintiffs sought "plan-wide injunctive relief" to remedy systemic defects in benefit calculations, in addition to the recovery of benefits that they had been denied based on the defective calculations. *Id.* at 718. Allowing claims for recovery of benefits alone would not have remedied the ongoing injury caused by the faulty methodology for calculating benefits. *Id.* Thus, the Section 1132(a)(3) claim was allowed to proceed, and was not merely a "repackaged" benefits claim. *Id.*

21

Here, Harrison's claim for breach of fiduciary duty fails to articulate an injury that would not be remedied by relief for his recovery of benefits claim. He alleges that Defendants' breach interfered with his "right to receive benefits under the Plan;" that "Defendants have failed to make and authorize benefit payments" and "unreasonably and/or arbitrarily withheld payments;" and that Defendants' breach of fiduciary duties "lead to the denial of Plaintiff's application for benefits." Doc. #4 at 6. Each of these allegations would be remedied by the recovery of benefits that Harrison seeks with his Section 1132(a)(1)(B) claim.

Furthermore, Harrison's prayer for relief only seeks remedies that concern the recovery of his benefits. Doc. #4 at 9. He seeks "a declaration regarding Defendants' noncompliance with the minimum requirements of ERISA . . . in connection with the denial of benefits;" an "[o]rder awarding Plaintiff benefits payable under the Plan;" attorneys' fees and costs, civil penalties, and punitive damages. *Id.* Although Harrison also requests any "other relief that this Court deems just and equitable," this cannot support the maintenance of his claim for breach of fiduciary duty, in the absence of any factual allegations in the Amended Complaint concerning an injury only redressable by injunctive relief. *Id.* Accordingly, the Court sustains Defendants' motion to dismiss the claim for breach of fiduciary duty in Count Two of Harrison's Amended Complaint.

22

**C.     Count Three - Attorney's Fees and Costs**

Under 29 U.S.C. § 1132(g)(1), the Court may award reasonable attorneys'

fees and costs for an action under ERISA.  Because the Court has overruled

Defendants' motion to dismiss Count One, there is a possibility that Harrison will

prevail on his ERISA claims.  The Court therefore declines to dismiss Count Three

of Harrison's Complaint.

**D.     Count Four - Failure to Produce Plan Documents**

Count Four of Harrison's Amended Complaint alleges that PNC Financial

Services refused to produce all the plan documents and other information required

by ERISA's disclosure provisions, resulting in his inability "to determine whether

Defendants' denial of his application benefits was erroneous and contrary to law."

Doc. #4 at 8.  A plan administrator "who fails or refuses to comply with a request

for any information which such administrator is required by [ERISA] to furnish to a

participant or beneficiary" may be liable for civil penalties.  29 U.S.C. §

1132(c)(1)(B).  The information must be supplied within 30 days of the request, or

a fine of "up to $100 a day from the date of such failure or refusal" may be

imposed.  *Id.*  Of particular relevance here is the disclosure requirement imposed by

Section 1024(d)(4) of Title 29, under which "[t]he administrator shall, upon written

request of any participant or beneficiary, furnish a copy of the latest updated

summary, plan description, and the latest annual report, any terminal report, the

23

bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated."

Defendants argue that Count Four cannot be stated against them because a claim for failure to provide plan documents may only be maintained against the Plan Administrator.  The plain language of 29 U.S.C. § 1132(c)(1)(B) applies only to an "administrator," and, under Article 14 of the Plan, the Committee is the administrator.  Harrison's Amended Complaint names "The PNC Financial Services Group, Inc., Kerry A. Allen, Plan Administrator" as a defendant.  Doc. #4 at1. Defendants' Memorandum in Support of Their Motion to Dismiss references multiple instances of Allen acting "on behalf of the Plan" and communicating to Harrison on behalf of the Committee.  Doc. #8-1 at 12-15.  Because the language of the plan specifically identifies the Committee as the Plan's administrator, however, the Court does not consider that its omission is a technical oversight wholly without substance.  The Court, therefore, grants leave to Harrison to file a Seconded Amended Complaint with the Committee named as a defendant to his claim under 29 U.S.C. § 1132(c)(1)(B).

Defendants argue that Harrison cannot state a claim for failure to produce plan documents because Harrison's request exceeded the scope of what documents the statute requires an administrator to provide.  Doc. #8-1 at 25. Furthermore, Defendants contend that Harrison received all the documents that must be provided under 29 U.S.C. §1132(c)(1)(B), referencing several exhibits attached to their Motion to Dismiss.  In response, Harrison discusses the

24

"confusion" surrounding some of the documents material to his claims, and states that "these issues are more properly framed by way of motion for summary judgment and/or motion for judgment on the administrative record." Doc. #13 at 5.

The Court agrees with Plaintiff's conclusion. Although Harrison's August 31, 2010, request to PNC Financial Services covered a variety of documents that are arguably outside the scope of Section 1024(d)(4), it also requested "[a] complete copy of the Plan, including without limitation any related documents and/or incorporations identified or referenced within the Plan, and any Summary Plan Description." Doc. #4-4 at 1. The Court will not evaluate the adequacy of Defendants' response to the document request until the complete administrative record is before it, other than by testing the legal sufficiency of Harrison's claim according to the factual allegations of in his Amended Complaint. Therein, Harrison alleges that his initial document request was made on August 31, 2010, and that he followed up on September 23, 2010. Am. Compl. ¶¶ 19, 21 (Doc. #4 at 4). Harrison alleges that PNC Financial Service responded on October 7, 2010. *Id.* ¶ 21. The response was over 30 days after Harrison's request, and was therefore not timely under 29 U.S.C. §1132(c)(1)(B). Harrison also alleges that PNC Financial Services "refused to produce various documents and information pertinent to [his] claims," and that without them he could not "fully apprise [himself] of PNC Financial Services' compliance with and adherence to the procedures and requirements of ERISA and the enveloped Plan." *Id.* The Court

25

finds these allegations adequate to sustain a claim for failure to produce documents under 29 U.S.C. § 1132(c)(1)(B), and therefore overrules Defendants' motion to dismiss Count Four of Harrison's Amended Complaint.

### E.    Count Five - Failure to Consider all of Claimant's Information

Harrison alleges that Defendants failed to follow the procedural requirements of 29 C.F.R. § 2560.503-1(h)(2), which require a full and fair review of the information relevant to his benefits claim.  Doc. #4 at 8.  His Amended Complaint invokes 29 U.S.C. §1132(c) as the basis for his legal claim, but, as Defendants point out, a claim alleging a failure to follow the procedures outlined in 29 C.F.R. § 2560.503-1 is properly brought under 29 U.S.C. § 1133, not 29 U.S.C. §1132(c).  Doc. #8-1 at 26.  The regulation, which Harrison cites, specifically states that it has been promulgated "with the authority of sections 503 and 505 of [ERISA], 29. U.S.C. 1133, 1135 . . . to set forth minimum requirements for employee benefit plan procedures" in the processing of claims.[5]  Thus, Harrison's claim will be analyzed is if he had stated it under 29 U.S.C. § 1133.  See *Wager v. Ciba Corp.*, 743 F.Supp. 2d 701, 712-13 (S.D. Ohio 2010) (analyzing claim for failure to follow procedures of 29 C.F.R. § 2560.503-1 as if brought under 29 U.S.C. § 1133, where plaintiff failed to invoke the proper statutory provision as the basis for claim).

------

[5] Section 505 of ERISA, 29 U.S.C. §1135, authorizes the Secretary of Labor to promulgate regulations implementing the provisions of ERISA.

Under 29 U.S.C. § 1133(2), an employee benefit plan must "afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim." The "full and fair review" must accord with all regulations that implement the review required by the statute. *Id*. A "full and fair review" of the appeal of an adverse benefits determination requires that the plan "[p]rovide for a review that takes into account all comments, documents, records, and other information submitted by the claimant relating to the claim, without regard to whether such information was submitted or considered in the initial benefit determination." 29 C.F.R. § 2560.503-1(h)(2)(iv).

Citing to their attached exhibits, Defendants claim that Harrison received a full and fair review of his claim "as a matter of law." Doc. #8-1 at 27. As with Defendants' argument for dismissal of Harrison's recovery of benefits claim, the Court declines this invitation to consult Defendants' exhibits in lieu of a complete administrative record. Defendants are welcome to renew their challenge to this claim, after a complete record has been filed with the Court, in a motion for judgment on the administrative record.

For now, the Court must accept Harrison's allegations as true for the purposes of the instant motion. Although the Court agrees with Defendants' characterization of Harrison's allegations, as set forth under Count Five of his Amended Complaint, as largely "conclusory," (Doc. #8-1 at 27), the Court infers from the facts as pled by Harrison that Defendants failed to properly review their

27

written advisement that he was eligible for Plan benefits, a document that Harrison provided with his claim. Am. Compl. ¶ 13 (Doc. #4 at 3); Am. Compl. Ex. 3 (Doc. #4-3 at 8). Harrison's Response to Defendants' Motion to Dismiss confirms that this document is the basis of his claim, by noting "the confusion arising out of the aforementioned June 26, 2009[,] human resources memo" that he alleges Defendants do not want to examine. Doc. #13 at 6. If Defendants failed to take into account the memorandum that he provided, their review failed to satisfy the procedural requirements of 29 C.F.R. § 2560.503-1(h)(2)(iv). Thus, Harrison's allegation regarding the memorandum properly states a claim under 29 U.S.C. § 1133(2), and Defendants' motion to dismiss his claim in Count Five is accordingly overruled.

## IV.     Conclusion

For the reasons set forth above, the Court SUSTAINS in part and OVERRULES in part the Defendants' Motion to Dismiss (Doc. #8). Count Two of Harrison's Amended Complaint, the claim for breach of breach of fiduciary duty, is DISMISSED. Defendants' Motion to Dismiss is OVERRULED with respect to Counts One, Three, Four, and Five.

Plaintiff is given leave to file a Second Amended Complaint, within ten (10) days from the date of this Decision and Entry, naming the Plan's Committee as a party defendant.

28

The administrative record before the Court is piecemeal. The Court therefore ORDERS the parties to file a complete administrative record, jointly agreed upon by the parties, within thirty (30) days of the date of this Decision and Entry. The parties shall file on the sixtieth (60th) day <u>thereafter</u> <u>simultaneous</u> cross-motions for judgment on the administrative record, with accompanying memoranda in support. <u>Simultaneous</u> reply memoranda must be filed on the twenty-first (21st) day following said cross-motions for judgment on the administrative record.

Date: March 1, 2013

WALTER H. RICE
UNITED STATES DISTRICT JUDGE