IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MICHAEL HARRISON, :

    Plaintiff,

v. :    Case No. 3:12-cv-14

THE PNC FINANCIAL SERVICES :    JUDGE WALTER H. RICE
GROUP, et al.,

    Defendants. :

ENTRY OVERRULING DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT (DOC. #21) AND PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT (DOC. #22); THE PARTIES ARE ORDERED TO FILE
SIMULTANEOUS CROSS-MOTIONS FOR JUDGMENT ON THE
ADMINISTRATIVE RECORD, WITH SUPPORTING MEMORANDA
CITING SAID RECORD, TWENTY-ONE (21) CALENDAR DAYS FROM
DATE; SIMULTANEOUS RESPONSIVE MEMORANDA ARE TO BE
FILED FOURTEEN (14) CALENDAR DAYS THEREAFTER

Plaintiff Michael Harrison ("Harrison") filed suit against PNC Financial Services Group ("PNC Group"), PNC Financial Services Group, Inc., ("PNC Financial Services"), the National City Corporation Amended and Restated Management Severance Plan (the "Plan"), and the Compensation and Organization Committee of the Board of National City Corporation (the "Committee") (collectively, "Defendants"), alleging that he was denied severance benefits under the Plan. Plaintiff seeks declaratory relief, an award of benefits, attorneys' fees and costs, civil penalties, and punitive damages based on his claims, all of which arise under

the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1101–1461. Pursuant to 29 U.S.C. § 1132(e), the Court has subject matter jurisdiction over ERISA claims. Pending before the Court are the parties' Cross-Motions for Summary Judgment, filed on June 14, 2013. Doc. #21, Plaintiff's Motion for Summary Judgment; Doc. #22, Defendants' Motion for Summary Judgment.

In a typical civil action, a motion for summary judgment functions as a procedural device for determining whether a jury or bench trial is necessary to resolve a genuine issue of material fact. Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986). However, in an ERISA action, the district court renders a decision on the merits "based solely upon the administrative record," without the admission of any additional evidence or a fact-finder's resolution of disputed factual issues. *Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609, 619 (6th Cir. 1998) (Gilman, J., concurring in the judgment, and delivering the court's opinion on the inapplicability of summary judgment standards in ERISA cases). "The district court may consider the parties' arguments concerning the proper analysis of the evidentiary materials contained in the administrative record, but may not admit or consider any evidence not presented to the administrator." *Id.* Thus, "a district court should employ neither summary judgment nor a bench trial in deciding ERISA actions," as such procedures are "inapposite to ERISA actions and thus should not be utilized in their disposition." *Id.* at 619-20.

2

The *Wilkins* guidelines motivated the Court's March 1, 2013, order to the parties to file simultaneous cross-motions for judgment on the administrative record. Doc. #16. Instead, the parties have filed cross-motions for summary judgment, invoking a standard that, under *Wilkins*, is inappropriate to apply to Plaintiff's ERISA claim. Accordingly, the Court OVERRULES the parties' motions for summary judgment. Furthermore, the Court ORDERS the parties to file, twenty-one (21) calendar days from date, simultaneous cross-motions for <u>judgment on the administrative record</u>, with citations to said record, in accordance with the Court's order of March 1, 2013, and the standard set forth by the Sixth Circuit in *Wilkins*. Thereafter, fourteen (14) calendar days following said cross-motions, the parties may file simultaneous responsive memoranda.

Date: October 21, 2013

WALTER H. RICE
UNITED STATES DISTRICT JUDGE

3